UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.                                                           Case No.   8:07-cr-262-T-23EAJ
                                                                        8:08-cv-2124-T-23EAJ

GAUDENCIO MORENO-MELENDEZ
_____/

**O R D E R**

Moreno-Melendez's motion to vacate pursuant to 28 U.S.C. § 2255 (Doc. 1) challenges the validity of his convictions for fraud and misuse of immigration documents and aggravated identify theft, for which offenses he was sentenced to thirty-nine months.  Rule 4, Rules Governing Section 2255 Cases, requires a preliminary review of the motion to vacate.  Section 2255 requires denial of the motion without a response if the "motion and the files and records of the case conclusively show that the prisoner is entitled to no relief . . . ."  Accord Wright v. United States, 624 F.2d 557, 558 (5th Cir. 1980)[1] (summary dismissal of a Section 2255 motion was proper "[b]ecause in this case the record, uncontradicted by [defendant], shows that he is not entitled to relief."); Hart v. United States, 565 F.2d 360, 361 (5th Cir. 1978) ("Rule 4(b) of § 2255 allows the district court to summarily dismiss the motion and notify the movant if 'it plainly appears

---

[1] Unless later superseded by Eleventh Circuit precedent, a Fifth Circuit decision issued before October 1, 1981, binds this court.  Bonner v. City of Prichard, 661 F.2d 1206, 1207 (11th Cir. 1981) (en banc).

from the face of the motion and any annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief.'"). Moreno-Melendez's claims lack merit.

## **FACTS**[2]

ICE SAC Tampa initiated an investigation of a Hispanic male, originally known only as "Rambo's brother" after receiving information from a Cooperating Source (CS1). This individual has now been identified as Gaudencio Moreno-Melendez, the defendant herein. The initial information provided by the CS indicated that the defendant was selling fraudulent immigration and Social security documents. CS1 provided a telephone number and indicated the individual was located in the Plant City, Florida, area.

ICE Special Agents directed CS1 to make contact with the defendant to schedule a meeting with the defendant and attempt to purchase fraudulent documents. CS1 contacted the defendant on May 2, 2007, and arranged to purchase counterfeit immigration and social security documents. The defendant agreed to sell CS1 a counterfeit alien registration card, a counterfeit social security card, and Mexican driver's license for a total of $160. The defendant told CS-1 that CS-1 would have to provide two passport-sized photographs of himself to be used for the documents. CS1 and the defendant agreed to meet in Plant City, Florida, later that day. During the meeting, the defendant accepted two passport sized photographs of CS1 and $160 and stated that he would return in a few hours with the counterfeit documents. Some time thereafter the defendant contacted CS1 to say the documents were ready and to set up a meeting to deliver them. The defendant arrived at a predetermined location in Plant City, Florida, and handed CS-1 a counterfeit social security card, a counterfeit alien registration card, and a counterfeit Mexican driver's license.

The counterfeit alien registration displayed an alien number and the name Carlos Reyes. A query of the available databases revealed that this number is not a valid one, has not been issued to a legitimate cardholder and is not assigned to Carlos Reyes. The counterfeit aocial aecurity card purchased from the defendant displayed the name Carlos Reyes and a social security number which the Social Security Administration confirmed to be a legitimate number which had been issued to another individual.

---

[2] This summary of the facts derives from the plea agreement at 12-15 (Doc. 20).

On May 7, 2007, ICE Special Agents directed CS-1 to contact the defendant and arrange to purchase two separate sets of documents for two different identities. CS-1 contacted the defendant and arranged a meeting for the following day.

On May 7, 2007, CS-1 contacted the defendant and another transaction was effected. This time, four documents were obtained. The documents obtained were a social security card and alien registration card under the name of Guadalupe Hernandez and a social security card and alien registration card in the name of Jose Froveola Pedro. The alien numbers shown on the cards are real alien numbers assigned to real individuals and not those whose names were listed on these cards.

On May 15, 2007, ICE Special Agents arranged for another confidential source, CS-2, to contact the defendant and arrange for a purchase of counterfeit documents. This transaction took place on May 16, 2007. This time the defendant produced a counterfeit social security card, a counterfeit alien registration card, and a counterfeit Mexican driver's license. CS-2 paid $200 the documents. The social security and the alien registration card bear the name Daniel Hernandez. An Immigration check revealed that the alien number on the alien registration card is assigned to a real individual different from the name mentioned on the card.

On May 31, 2007, another source, CS-3, made yet another purchase from the defendant. This time, the defendant produced a counterfeit social security card and a counterfeit alien registration card in the name of German Flores. The alien number is assigned to a real individual with a different name from the one on the card.

On June 12, 2007, the agents executed a search warrant at the defendant's residence and obtained numerous fraudulent cards and card producing equipment.

## **THE APPEAL WAIVER**

Moreno-Melendez negotiated a plea agreement (Doc. 20 in 8:07-cr-262-T-23EAJ), which specifically states that Moreno-Melendez "expressly waives the right to appeal defendant's sentence or to challenge it collaterally on any ground, including the ground that the Court erred in determining the applicable guidelines range pursuant to the United States Sentencing Guidelines, except (a) the ground that the sentence

exceeds the defendant's applicable guidelines range <u>as determined by the Court</u> pursuant to the United States Sentencing Guidelines; (b) the ground that the sentence exceeds the statutory maximum penalty; or (c) the ground that the sentence violates the Eighth Amendment to the Constitution. . . ." Plea Agreement ¶ 15 at 10 (Doc. 20). Moreno-Melendez received a guidelines minimum sentence of thirty-nine months, which is comprised of fifteen months for count one and a mandatory consecutive twenty-four months for count two. The sentence is neither an upward departure nor above the statutorily authorized maximum sentence of twelve years.

### **MORENO–MELENDEZ'S CLAIMS**

Moreno-Melendez's waiver of his right to challenge the guidelines sentence precludes this challenge to his sentence. Nevertheless, Moreno-Melendez's claims are meritless. Moreno-Melendez contends that, contrary to the representation in the presentence investigation report, consecutive sentences are not mandatory; Moreno-Melendez contends that the court had the discretion to impose concurrent sentences. Moreno-Melendez misunderstands a court's discretion when imposing a sentence for aggravated identity theft, 18 U.S.C. § 1028A. The discretion to impose concurrent sentences is limited to only when imposing multiple Section 1028A convictions; no discretion exists to impose a Section 1028A sentence concurrent with a non-Section 1028A sentence.

Similarly, the appeal waiver precludes Moreno-Melendez from challenging the imposition of consecutive sentences under the guise of a claim that counsel rendered ineffective assistance.

> [A] valid sentence-appeal waiver, entered into voluntarily and knowingly, pursuant to a plea agreement, precludes the defendant from attempting to attack, in a collateral proceeding, the sentence through a claim of ineffective assistance of counsel during sentencing.  [A] contrary result would permit a defendant to circumvent the terms of the sentence-appeal waiver simply by recasting a challenge to his sentence as a claim of ineffective assistance, thus rendering the waiver meaningless.

Williams v. United States, 396 F.3d 1340, 1342 (11th Cir.), cert. denied 546 U.S. 902 (2005).

Accordingly, Moreno-Melendez's motion to vacate (Doc. 1) is **DENIED**.  The clerk shall enter a judgment against Moreno-Melendez and close this action.

ORDERED in Tampa, Florida, on October 27, 2008.

_____
STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE